Filed 3/30/22  P. v. Hindbaugh CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Tehama)

----

|  |  |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>CHARLES FRANK HINDBAUGH,<br><br>Defendant and Appellant. | C094645<br><br>(Super. Ct. No. 19CR002759) |

Appointed counsel for defendant Charles Frank Hindbaugh asked this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  Finding no arguable error that would result in a disposition more favorable to defendant, we will affirm the judgment.

I

The victim had obtained a restraining order protecting her from defendant. The two formerly had a romantic relationship.  In September 2019, the victim was in her trailer home when defendant arrived.  He threatened to harm her, and the victim tried to

1

leave the trailer to call the police. Defendant slammed the door on her, injuring her wrist and calf. Police arrived and defendant fled. Later that day, the victim called police again when she saw defendant in her backyard. The police were not able to find defendant. A few hours later, the victim called police a third time because defendant had turned off her electricity. The police restored power and found defendant about an hour later, sitting in a parked car near the victim's home. Defendant denied doing anything wrong, and police arrested him.

The People charged defendant with injuring a person with whom he had a dating relationship (Pen. Code, § 273.5, subd. (a))[1] and misdemeanor resisting a peace officer (§ 148, subd. (a)(1)). Defendant pleaded guilty to the charges in March 2020. The trial court suspended imposition of sentence and placed defendant on five years of probation with various terms and conditions.

In April 2021, a petition for revocation of probation was filed, alleging defendant had failed to report to his probation officer or provide a current address, failed to comply with the probation officer's rules and regulations, and violated the restraining order by burglarizing the victim's home and battering her. The petition was later amended to add that defendant possessed methamphetamine and drug paraphernalia in violation of his probation conditions.

Defendant admitted violating probation as alleged in the petition. The trial court declined to reinstate probation, terminated it, and sentenced defendant to three years in prison.

Defendant did not obtain a certificate of probable cause.

II

---

[1] Undesignated statutory references are to the Penal Code.

Appointed counsel filed an opening brief setting forth the facts of the case and asking this court to review the record and determine whether there are any arguable issues on appeal. (*Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing the opening brief. More than 30 days elapsed and we received no communication from defendant.

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

DISPOSITION

The judgment is affirmed.


        /S/
MAURO, Acting P. J.


We concur:


    /S/
HOCH, J.


    /S/
KRAUSE, J.